## ALLEN v. UNITED STATES.
### No. 10396.

Circuit Court of Appeals, Sixth Circuit.
June 9, 1947.

194

Robert Toepfer, of Cincinnati, Ohio, for appellant.

Appellee not represented.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The appellant was apprehended, having a quantity of morphine in his possession, and was indicted for violation of section 1 of the Harrison Narcotic Law as amended, 26 U.S.C.A. Int.Rev.Code, § 2553, and for violation of the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 174. He pleaded guilty on October 19, 1939, was sentenced to pay $1,000 on each count, and to serve five years on the first count and ten years on the second count of the indictment, the sentences to run consecutively. The entire sentence was suspended, and appellant was placed on probation for a period of five years. On November 29, 1943, appellant was charged with violation of his probation, and the District Court revoked the probation order and committed appellant to the custody of the Attorney General for twelve years.

While confined in the Federal Penitentiary at Leavenworth, Kansas, appellant filed a petition called "Judgment to set aside or vacate sentence." The District Court treated this as a petition for writ of habeas corpus, and dismissed it upon the ground that the court was without jurisdiction to issue a writ of habeas corpus directed to the Warden of the Federal Penitentiary at Leavenworth, Kansas.

Appellant's counsel, appointed by the court, concedes that if the petition be considered an application for a writ of habeas corpus, this judgment is correct. Jones v. Biddle, 8 Cir., 131 F.2d 853, certiorari denied, 318 U.S. 784, 63 S.Ct. 856, 87 L.Ed. 1152. But it is contended that the appellant urges he was insane at the time of entering his plea of guilty, and that his application should be considered as a petition for writ of error coram nobis. The facts as stated in appellant's brief are not controverted nor is the legal proposition advanced opposed by the United States Attorney. In such cases the writ of error coram nobis is the writ to be invoked. Robinson v. Johnston, Warden, 9 Cir., 118 F.2d 998. Its purpose is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment. Cf. United States v. Mayer, 235 U.S. 55, 67, 68, 35 S.Ct. 16, 59 L.Ed. 129.

Appellant's contention that he was insane at the time of entering his plea of guilty is supported by the contents of his application, which is confused in expression, and concludes with a request for the court's help "in securing certain x-ray pictures taken of my head, which are now in possession of Dr. Morrison, Chief Medical Officer in Charge of the United States Hospital at Leavenworth, Kansas Federal Penitentiary. And every picture taken at the United States Public Health Service Hospital, Lexington, Ky."

We think this is a case in which the court should construe the application liberally in the interest of substantial justice. In such cases the ordinary rule excluding

consideration of facts not presented to the trial court should not be applied. United States v. Steese, 3 Cir., 144 F.2d 439.

The case is remanded to the District Court with instruction to receive evidence in support of appellant's contention that at the time of entry of his plea of guilty he was incapable of realizing the significance of his act.