CUCKOVICH et al. v. UNITED STATES.

No. 10629.

United States Court of Appeals
Sixth Circuit.

Oct. 22, 1948.

James O. Bradley, of Cincinnati, Ohio
(James O. Bradley, of Cincinnnati, Ohio,
on the brief), for appellants.

Vincent Fordell, Asst. Dist. Atty., of
Detroit, Mich. (Vincent Fordell, Asst.
Dist. Atty. and Thomas P. Thornton, Dist.
Atty., both of Detroit, Mich., on the brief),
for appellee.

Before ALLEN, MARTIN and MIL-
LER, Circuit Judges.

PER CURIAM.

On July 29, 1942, the appellants were in-
dicted under Section 588b (a) (b),[1] Title
12 U.S.C. for robbing the Commonwealth
Bank in Detroit, Michigan. On July 30,
1942, they were arraigned, declined assist-
ance of counsel, after having been in-
formed of their constitutional right to the
same, and pleaded guilty. The District
Judge imposed a sentence of fifty years
imprisonment for each appellant, but on
February 17, 1943 reduced the sentence of

---

[1] In 1948 Revision, 18 U.S.C.A. § 2113.

each appellant to a period of 25 years, the maximum allowed by the statute. During 1943, the appellant Roscoe instituted and unsuccessfully prosecuted an application for writ of habeas corpus in the United States District Court in Kansas and a proceeding in the United States District Court in the Eastern District of Michigan to vacate the conviction and grant him a new trial. The District Court judgments denying relief in both instances were affirmed by their respective Courts of Appeals. On August 23, 1946, the appellants filed in the original criminal proceedings their present joint motion to vacate and set aside the judgments of July 30, 1942 as amended February 17, 1943. This motion was overruled by the District Court on May 5, 1947. The appellants filed notice of appeal on January 27, 1948.

The appellants contend on this appeal that the judgments of conviction are void, erroneous and invalid because the appellants were not properly advised of the nature of the charges against them, were not furnished a copy of the indictment, did not intelligently waive the assistance of counsel, and were not afforded an opportunity to testify and cross-examine Government witnesses in the consideration of the motion by the Court.

The District Court considered the motion on the affidavit of the appellants, and affidavits of the Assistant District Attorney who handled the case, the two FBI agents who investigated the case together with the written confession of each of the appellants given to said agents, supplemented by argument of counsel for respective parties.

█ There was no authority on the part of the District Court to entertain this motion, made more than three and one-half years after the entry of the amended judgment. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. This is not an independent habeas corpus proceeding, nor is the sentence an illegal one which may be corrected by the District Court under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Lockart v. United States, 6 Cir., 136 F.2d 122, 124; Bugg v. United States, 8 Cir., 140 F.2d 848; Ellerbrake v. United States, 7 Cir.,

134 F.2d 683. Compare Waldron v. United States, 6 Cir., 146 F.2d 145, 147.

█ If it should be treated as a motion to correct an illegal sentence, we are of the opinion that on the evidence before the Court, the judgment should be affirmed. At the time of the arraignment and the plea of guilty, which was before the new Rules of Criminal Procedure, there was no requirement that the appellants be furnished with a copy of the indictment, as is now required by Rule 10. Their written confessions leave no doubt of their guilt or that they did not fully understand the nature of the charge against them. Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772; Caldwell v. United States, 8 Cir., 160 F.2d 371. The evidence does not sustain the contention that the waiver of counsel was not freely and intelligently made. Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268. The facts are far different from those in Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, which is urged upon us, where waiver of counsel was possibly influenced by erroneous legal advice given by a Government agent.

█ Appellants contend they had a right to be present and to testify. They complain of the Court's order overruling an application for a writ of habeas corpus ad testificandum. We find no such application in the record. The prayer of the pending motion prays for a "writ of habeas corpus and prosequendum," which probably was considered as a writ of habeas corpus ad testificandum. But such an application is not one for a writ of habeas corpus to inquire into the alleged unlawful detention of the petitioner, as seems to be assumed by appellants. An application for a writ of habeas corpus ad testificandum is addressed to the discretion of the court. Bugg v. United States, supra; Gilmore v. United States, 10 Cir., 129 F.2d 199, 202; Murrey v. United States, 8 Cir., 138 F.2d 94; Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, 385. While appellants might have been entitled to be present, to testify, and to cross-examine witnesses at a hearing in an independent habeas corpus proceeding, they do not have such a right in a hearing on a motion made after judg-

ment in the original proceeding. United States v. Lynch, 3 Cir., 132 F.2d 111; United States v. Mahoney, W.D.C.,La. 43 F.Supp. 943. The District Judge was justified in disposing of the motion in the manner used.

It further appears that the present appeal was not taken for more than eight months after the entry of the judgment complained of, which is beyond the time provided by Rule 37(a) (2) of the Federal Rules of Criminal Procedure.

Judgment affirmed.