**Morris THOMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12763.**

United States Court of Appeals Sixth Circuit.

June 15, 1956.

See also 217 F.2d 294.

Grant D. Owings, Cincinnati, Ohio, for appellant.

Hugh K. Martin and Thomas Stueve, Cincinnati, Ohio, for appellee.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and STARR, District Judge.

## PER CURIAM.

This appeal from a judgment denying the motion of Morris Thomas to vacate long sentences imposed upon his guilty pleas to kidnaping and violation of the Dyer Act, 18 U.S.C.A. §§ 10, 2311–2313, has been duly heard and considered upon the briefs and oral arguments of attorneys representing the appellant and the United States of America, appellee, upon the supplemental brief filed by appellant himself, and upon the complete record in the case including a verbatim transcript of the hearing in the district court of the motion of appellant.

It is obvious from the record and the transcript of testimony that the district court gave a full, fair and adequate hearing of the motion to vacate. The appellant was brought from Alcatraz prison into open court at the expense of the Government, and was heard to testify at full length. He enjoyed the benefit of representation by competent counsel at the hearing. Both able attorneys who represented him in the original proceeding before Judge Druffel, when appellant entered his pleas of guilty, testified that he had done so understandingly, after receiving their advice as to his constitutional and other legal rights. Other witnesses who testified against him upon the hearing of the motion to vacate were the woman whom he had kidnaped, a woman accomplice after the fact, and a police lieutenant of Cincinnati.

United States District Judge Underwood, in addition to rendering an oral opinion, filed written findings of fact and conclusions of law, in which he found—among other things—that upon his arraignment in open court in April of 1949, appellant expressed satisfaction with his court-appointed attorneys; that the indictment was read to him; that he fully understood the nature and gravity of the charges against him, heard and assented to the statements made by his counsel and acquiesced in their action; and that he made no protest or objection, although afforded the opportunity to do so. It was found further that appellant fully understood the sentences passed upon him.

After reading the transcript of the proceeding and the entire record in the case, we are convinced that there is substantial evidence to support the findings of the district judge, that his conclusions of law are correctly drawn, that appellant is not entitled to any relief, and that his motion to vacate sentence should accordingly be denied.

The judgment of the district court is affirmed.