Clyde Milton **JOHNSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 12933.

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1956.

Clyde M. Johnson, per se.

Warren Olney, III, Asst. Atty. Gen., Millsaps Fitzhugh, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

Clyde Milton Johnson, now serving sentence of forty years' imprisonment in Alcatraz for armed bank robbery in Memphis, Tennessee, has appealed from the denial of his motion to vacate sentence which was filed more than seven years after his conviction and sentence.

The appellant was jointly indicted with one John Eugene Anderson, who entered a plea of guilty and was sentenced to imprisonment. After holding up a branch of the First National Bank in Memphis, appellant and Anderson made their getaway with $44,000 in currency. About two weeks later, they were apprehended in Miami, Florida; and, at the time, were in possession of money stolen from the Memphis bank. While incarcerated in the county jail at Miami, from which appellant and Anderson were to be transported to Memphis, appellant—aided by his paramour, Billy Glaze, alias "Butcher Knife Billy"—escaped. He was again apprehended; but was taken only after he had resisted arrest in a running gun battle with F. B. I. Agents on the streets of Indianapolis, Indiana.

Appellant has a criminal record beginning as far back as 1943. He was incarcerated on life sentences in San Quentin and in Folsom prisons, from both of which he escaped. He has participated in the robbery of several financial institutions. His companion in the crime for which he is now serving sentence entered a plea of guilty; but appellant went to trial and was convicted by jury verdict. He did not take the witness stand in his own behalf.

In denying appellant's motion to vacate sentence, United States District Judge

Boyd stated in his written order his conviction that appellant had been fairly tried, was ably represented by highly experienced counsel, and that the judge was convinced of his guilt, it being developed at the trial that appellant at the time of his apprehension was in possession of some $40,000 in currency, some of which was still in the original wrappings of the bank.

Appellant's motion to vacate sentence was filed pursuant to section 2255, Title 28 United States Code. He relies upon the doctrine of United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, and other kindred cases. He charges: (1) that he was denied the effective assistance of counsel; (2) that, through coercion and threats of an Assistant United States Attorney, he was denied essential witnesses; and (3) that he was denied due process of law, by reason of the presence of unauthorized persons in the grand jury room at the time of deliberation upon the indictment returned against him. He insists that this cause should be remanded for a hearing on the motion, at which appellant shall be present. His allegations seem to follow a pattern which has become prevalent to enable convicts under long-time sentences to obtain vacations from imprisonment by trumped-up charges against their attorneys and court officials, even including district judges.

Notwithstanding this, it is, of course, incumbent upon the courts of the United States to follow pronouncements of the Supreme Court concerning the right of prisoners to personal appearances and oral hearings, where motions to vacate sentence raise factual issues. In our experience and observation, however, this privilege has many times been abused.

■■ Upon inspection of appellant's motion to vacate sentence, with his memorandum and affidavit in support thereof and his several briefs, in the instant case, we find that his charges, when analyzed, reduce to incredible hearsay statements. He was therefore not prejudiced nor deprived of any right by denial of an oral hearing.

We have reached the conclusion that appellant is not entitled to a personal hearing in the district court, for we cannot believe that the Supreme Court intended in its care for the protection of human liberty to impose upon the inferior courts the duty of recalling, years after action in criminal cases, prisoners for rehearings based on obviously nebulous and false accusations. In this case, we are convinced that an oral hearing, if granted to the petitioner, could not remotely redound to his benefit.

The cost to the Government in transporting dangerous prisoners of the type of the present petitioner, Johnson, an escape expert and dangerous gunman, is in our judgment against sound public policy in the enforcement of justice in criminal cases, where the grounds upon which the petition is based are so palpably incredible.

Accordingly, the judgment of the district court is affirmed.