Robert E. **FUNKHOUSER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 7698.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1958.

Decided Oct. 13, 1958.

Certiorari Denied Jan. 19, 1959.
See 79 S.Ct. 346.

Robert E. Funkhouser, pro se.

Leon H. A. Pierson, U. S. Atty., Baltimore, Md., for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

PER CURIAM.

Upon his conviction on June 20, 1952, for income tax evasion, the appellant was sentenced to imprisonment for one year and a fine of $25,000. He served the term and paid the fine. On March 28, 1958, nearly six years after his trial, he filed a motion under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to "correct an illegal sentence." Relief was not sought under Section 2255 of Title 28, U.S.C.A. Denial of the motion resulted in this appeal.

The appellant expresses dissatisfaction with the lawyers who represented him at the 1952 trial, because they failed to interpose certain defenses suggested by him. These lawyers, not court appointed but selected and paid by the defendant, are men of standing and ability. One defense which they failed to make is expressed by the appellant in forty-five separate "grounds," but these are essentially an assertion that the District Court of Maryland, where the indictment and trial took place, had no jurisdiction. The appellant claimed that venue was in the United States District Court for the District of Columbia, where he resided and conducted his busi-

ness. Under the law, as it then was, the appellant was subject to indictment and trial for income tax evasion in the District Court for Maryland, because he resided in the taxing district of Maryland, which includes the District of Columbia, and filed his return in the office of the District Commissioner of Internal Revenue at Baltimore. See Bowles v. United States, 4 Cir., 1934, 73 F.2d 772.[1]

■ The appellant's main contention which was not argued by his counsel was that he could not lawfully be prosecuted for income tax evasion because, he alleges, before indictment his return was not audited to determine the exact amount of tax due by him. His reasoning is that in these circumstances no tax was "imposed" within the meaning of Sec. 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b), with the evasion of which he could be charged. Evidently the appellant confuses the imposition of the tax with its assessment. The statute itself "imposes" the tax; and while there can be no *civil* action to enforce collection before the assessment procedures provided for in Sec. 272(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 272(a), have been followed, there is no requirement for the precise computation and assessment of the tax before there can be a criminal prosecution for fraudulent tax evasion under Sec. 145 (b).

■ The appellant also argues that the Commissioner had not, prior to the prosecution, passed upon each of 30,000 claimed deductions. At the trial the Government did prove that, by making various false claims for deductions, a substantial understatement of taxable income in the defendant's returns had occurred. This is sufficient basis for a criminal prosecution without first establishing the precise amount of the defendant's tax indebtedness. In later civil proceedings for the collection of the tax due by the appellant there was a determination and assessment as provided for in Sec. 272(a) of the Internal Revenue Code of 1939.

After conviction, the appellant dismissed his lawyers and employed new counsel, but by then the time for appeal had expired. This lawyer then filed a motion in appellant's behalf to enlarge the time for appeal and, after hearing, this motion was properly denied under Rule 45(b), Federal Rules of Criminal Procedure.

■ The present motion is not available to redetermine issues tried in the District Court in 1952. It cannot be used as a substitute for an appeal, nor are special circumstances shown here, as were shown in United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, where the Court entertained a motion for a writ of error *coram nobis* after the defendant had served his sentence. In any event, Rule 35 is a remedy only to correct an illegal sentence; and the sentence imposed here is not illegal in the sense that it is in excess of the punishment authorized by Sec. 145(b) of the Internal Revenue Code of 1939. As we have shown, there is no merit in the contention that the Court was without jurisdiction to try the offense; nor is there any suggestion that the trial was, for any other reason, illegal, or that the defendant's constitutional rights were violated as in the Morgan case.

We think, therefore, that Judge Chesnut, who presided at the original trial and to whom the defendant directed the motion to correct the sentence, properly overruled the motion, and his action is

Affirmed.

1. Congress has recently revised this procedure. By 72 Stat. 512, approved August 6, 1958, a defendant can make a motion to be tried in the judicial district in which he was residing when the alleged offense of tax evasion was committed.