Jack ALRED, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16110.

United States Court of Appeals Eighth Circuit.

April 8, 1959.

Rehearing Denied April 27, 1959.

———◆———

Joseph J. Simeone, St. Louis (appointed by the Court), for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., was with him on the brief), for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis by Jack Alred from an order of the District Court entered August 28, 1958, denying his motion under 28 U.S.C. § 2255 for the vacation of a sentence imposed upon him on September 14, 1956, upon his plea of guilty entered on September 7, 1956.

Alred and his co-defendant, George Kelly, having each waived indictment, were on September 7, 1956, arraigned upon an information in one count charging them jointly with having, on or about September 5, 1956, facilitated the transportation, concealment, and sale of heroin, knowing the same to have been imported into the United States contrary to law, in violation of 21 U.S.C.A. § 174.

At the time of arraignment, Alred was represented by court-appointed counsel. His co-defendant Kelly also appeared with counsel. The minutes of the Clerk of the District Court for September 7, 1956, show that each of the defendants entered a plea of guilty and that sentence was deferred to September 14, 1956. The judgment and sentence of September 14, 1956, shows that on that day Alred was adjudged guilty upon his plea entered on September 7, 1956, and was sentenced to seven years' imprisonment, as was also his co-defendant Kelly. At the time he was sentenced, Alred was represented by counsel of his own selection.

In arraigning the defendants on September 7, 1956, counsel for the Government first read to them the charge made against them in the information. The record shows that the following questions were then asked, and the following answers given:

"Mr. Shy [Government counsel]: Mr. Kelly, what is you plea to that charge?

"Defendant Kelly: I am guilty, sir.

"Mr. Shy: Do you concur in that, Mr. Walsh [counsel for defendant Kelly]?

"Mr. Walsh: Yes.

"Mr. Shy: Mr. Alred?

"Defendant Alred: Yes, sir.

"Mr. Shy: Do you concur in that plea?

"Defendant Alred: Yes, sir."

Mr. Shy then stated that the two defendants, residents of Oklahoma, had bought the contraband heroin referred to in the information in Mexico and transported it to Kansas City, Missouri, for sale, and had made numerous attempts to sell the heroin before being arrested with it in their possession. At the request of the Government, and without objection from the defendants, sentence was deferred for one week to en-

able the Government to ascertain whether the defendants had prior narcotics convictions.

On September 14, 1956, the defendants were before the court for sentence, each represented by his own counsel. Government counsel, addressing the court, said:

"If it please the Court, these defendants entered pleas of guilty to possession of heroin hydrochloride and the case was continued until today so we could obtain the F.B.I. fingerprint report. This report reveals that both defendants have a record of no narcotics convictions and no felony arrests."

Government counsel then gave the court a statement of the facts relating to the commission by the defendants of the offense charged against them.

Counsel for Alred made a statement on his behalf, saying, among other things: "This purchase of the two ounces [of heroin], of course was some for his [Alred's] use and his friends' use, and they did get into this trouble up here. I might indicate to the Court that they have co-operated fully with the authorities and I understand they were arraigned and pleaded the following day after arrest."

It is obvious from the statements made by his counsel to the court that Alred understood the charge against him, that he had voluntarily and advisedly entered a plea of guilty to the charge, and that he knew that he was before the court for sentence. No request for the withdrawal of his plea was made by him or his counsel, and no suggestion was made that his plea had been improperly accepted by the court. The sentence imposed was one authorized by law.

On November 7, 1956, Alred represented by the same counsel who had appeared for him at the time of sentence, filed a motion, verified by Alred, for a reduction of sentence. In his motion he stated that his sentence of seven years' imprisonment was imposed after his plea of guilty to a one-count information alleging illegal possession of heroin; that "It is conceded that the sentence was within the discretion of the Court but the defendant received more time than had other defendants for the same or similar offense * * *"; and that "The defendant prays the Court that his sentence be reduced to five (5) years for he feels that within that five years he will have been fully cured [of his drug addiction] and will be in a position to resume his life in society."

The court denied the motion of Alred for a reduction of sentence on November 16, 1956.

On August 14, 1958, Alred filed his motion under 28 U.S.C. § 2255 for vacation of his sentence, asserting, in substance, that, under the circumstances surrounding his arrest and his plea, his sentence was illegal. The court on August 28, 1958, without according him a hearing, denied his motion, and he has appealed.

This Court appointed Mr. Joseph J. Simeone, of St. Louis, Missouri, to represent Alred on this appeal. We are indebted to Mr. Simeone for an excellent brief and argument presenting everything which could possibly be advanced in Alred's favor on appeal.

It is true that the arraignment of Alred on September 7, 1956, was not conducted as carefully and precisely as it should have been (compare Woodring v. United States, 8 Cir., 248 F.2d 166), but it is clear from the record that Alred intended to, and did, enter a plea of guilty to the one-count information; that later, at the time of sentence, he admitted, through his counsel, that he had entered such a plea; and that he also admitted the entry of such a plea in his verified motion for reduction of sentence.

It is our opinion that the District Court was fully justified in denying Alred's motion for vacation of his sentence without a hearing.

The order appealed from is affirmed.