**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Morris THOMAS, Defendant-Appellant.**

**No. 14304.**

United States Court of Appeals
Sixth Circuit.
June 23, 1961.

John J. Getgey, Cincinnati, Ohio (appointed by court), for defendant-appellant.

Joseph Lichtenbaum, Asst. U. S. Atty., Cincinnati, Ohio (Hugh K. Martin, U. S. Atty., Columbus, Ohio, Thomas Stueve,

First Asst. U. S. Atty., Cincinnati, Ohio, on the brief), for plaintiff-appellee.

Before MILLER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant, Morris Thomas, entered a plea of guilty in the United States District Court for the Southern District of Ohio on April 13, 1949, to an indictment which charged (1) the transportation in interstate commerce of a kidnaped person and (2) the transportation in interstate commerce of a motor vehicle knowing same to have been stolen, in violation of Sections 1201 and 2312, Title 18 United States Code, respectively. He received a sentence of 99 years imprisonment on the first count and five years imprisonment on the second count, the sentences to run consecutively.

On February 13, 1954, appellant filed a motion under Section 2255, Title 28 United States Code, to vacate the sentences on the ground that he had never intended to plead guilty to Count 1 of the indictment and that he was under the impression that he was entering a plea of guilty only to Count 2 of the indictment. The District Judge held an ex parte hearing, made findings of fact and conclusions of law, and denied the motion. On appeal, this ruling was reversed and the case remanded to the District Court for a hearing, with notice thereof to the appellant. Thomas v. United States, 6 Cir., 217 F.2d 494.

The District Court thereafter appointed counsel to represent appellant and held a hearing on August 30, 1955, at which appellant was present and testified in his own behalf. Attorneys who represented him in the original trial testified that he had entered his pleas of guilty understandingly after receiving their advice as to his constitutional and other legal rights. The District Judge made findings of fact that the appellant fully understood the nature and gravity of the charges against him and fully understood the sentences given. The motion to vacate was overruled. On appeal, this ruling was affirmed on June 15, 1956. Thomas v. United States, 6 Cir., 234 F.2d 815. Certiorari was denied by the Supreme Court on February 25, 1957, Thomas v. United States, 352 U.S. 1006, 77 S.Ct. 568, 1 L.Ed.2d 551. Rehearing was denied on April 1, 1957, Thomas v. United States, 353 U.S. 925, 77 S.Ct. 683, 1 L.Ed.2d 721.

On September 4, 1959, some ten years after entry of judgment, appellant filed a new motion in the District Court under the provisions of Section 2255, Title 28 United States Code, to vacate the sentences on the ground that he was insane and mentally incompetent at the time he entered his pleas of guilty to the indictment. The District Judge made a thorough examination of the files and records in the case and on June 1, 1960, handed down an opinion in the matter, together with findings of fact and conclusions of law, holding that the motion, files and records of the case conclusively showed that the appellant was entitled to no relief. An order was entered denying the motion to vacate. The present appeal is from this order.

Appellant contends that the Court erred in not giving him a hearing which would include an examination as to his mental condition by at least one qualified psychiatrist who would make a report to the Court, as provided by Section 4245, Title 18 United States Code.

We are of the opinion that Section 4245, Title 18 United States Code, is not applicable to the present case. The present motion to vacate sentence is not brought under that section of the Code, but is a proceeding under Section 2255, Title 28 United States Code. Section 4245, Title 18 United States Code, is only applicable when the Director of the Bureau of Prisons shall certify that a person convicted of an offense against the United States has been examined by the board of examiners referred to in Section 4241, and that there is probable cause to believe that such person was mentally incompetent at the time of his trial, provided the issue of mental competency was not raised before or during said

trial. There is no such certificate in the present case. Nor has any application been made for one. This Court has held that where there was no such certificate by the Director of the Bureau of Prisons, the Court lacked jurisdiction to hold a hearing under Section 4245, Title 18 United States Code. Hoskins v. United States, 6 Cir., 251 F.2d 51. See: Cason v. United States, 4 Cir., 220 F.2d 510, certiorari denied 349 U.S. 966, 75 S.Ct. 899, 99 L.Ed. 1287.

Although appellant is not entitled to the special hearing provided by Section 4245, the question remains whether he is entitled to raise the issue of mental incompetency at the time of trial, and to have a ruling by the District Judge, in a Section 2255 proceeding. In United States v. Meadows, D.C.W.D.Mich., 140 F.Supp. 184, affirmed 6 Cir., 232 F.2d 312, this Court held that the proper procedure for raising the issue of mental incompetency at the time of trial was under Section 4245, Title 18 United States Code, and that a judgment and sentence could not be collaterally attacked on the ground of mental incompetency at the time of trial in a Section 2255 proceeding. Our ruling in that case was handed down on February 7, 1956. The same ruling was made by the United States Court of Appeals for the Tenth Circuit in Gordon v. United States, 250 F.2d 676. See also: Hahn v. United States, 10 Cir., 178 F.2d 11. However, on February 27, 1956, subsequent to our ruling in the Meadows case, the Supreme Court held that the question of mental competency at the time of trial could be raised by a motion to vacate sentence under Section 2255, Title 28 United States Code. Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, judgment vacated and the case remanded for a hearing on the sanity of the petitioner at the time of his trial, 350 U.S. 961. This ruling has been subsequently applied in several proceedings under Section 2255. Gregori v. United States, 5 Cir., 243 F.2d 48, 54; Simmons v. United States, 8 Cir., 253 F.2d 909, 912; Krupnick v. United States, 8 Cir., 264 F.2d 213, 217; Smith v. United States, 9 Cir., 267 F.2d 210, 212. This Court has also indicated since the ruling in the Bishop case that the question can be raised in a Section 2255 proceeding as well as by a Section 4245 proceeding. Davis v. United States, 6 Cir., 270 F.2d 177, certiorari denied 361 U.S. 852, 80 S.Ct. 113, 4 L.Ed.2d 91.

Accordingly, we hold that the question of appellant's mental competency at the time of the trial was raised by the present proceeding under Section 2255. But Section 2255 does not require an examination of appellant's mental condition by at least one qualified psychiatrist, as contended for by appellant on this appeal. Nor does the filing of a proceeding under Section 2255 automatically entitle the applicant to a hearing. Whether or not a hearing should be held depends upon the particular facts of each case. If the motion, files and records of the case conclusively show that the prisoner is entitled to no relief, the District Court is empowered by the provisions of the section to make a ruling to that effect without a formal hearing. Factual claims which are frivolous and obviously without merit are not sufficient to require the court to hold such a hearing. Johnson v. United States, 6 Cir., 239 F.2d 698, certiorari denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; Rayborn v. United States, 6 Cir., 251 F.2d 950; Yancy v. United States, 6 Cir., 252 F.2d 554, 555, affirmed 362 U.S. 389, 80 S.Ct. 811, 4 L.Ed.2d 864; O'Malley v. United States, 6 Cir., 285 F.2d 733, 735; Cain v. United States, 8 Cir., 271 F.2d 337, 338; Alred v. United States, 8 Cir., 265 F.2d 160, 162; United States v. Catalano, 2 Cir., 281 F.2d 184, certiorari denied 364 U.S. 845, 81 S.Ct. 88, 5 L.Ed.2d 69; United States v. Branch, 2 Cir., 261 F.2d 530, 533, certiorari denied, 359 U.S. 993, 79 S.Ct. 1125, 3 L.Ed.2d 981.

In the present case, the District Judge made a careful study and analysis of the files and records of the case as shown by his written opinion herein, to which reference is made. Among other things, it was pointed out that appellant, at the time of his plea of guilty, was rep-

resented by two competent and experienced court-appointed attorneys, one of them being a former Assistant United States Attorney for many years, and that at the hearing on August 30, 1955, on his first motion to vacate sentence, an able and experienced lawyer, who was a former Hamilton County, Ohio, prosecutor, was appointed to represent him. Appellant was brought from Alcatraz to Cincinnati, Ohio, for this hearing, at which he was examined and cross-examined in more than sixty-five pages of testimony. The attorneys who represented him at the time of his plea were also examined and cross-examined. Other witnesses also testified. Yet, no claim was made by appellant about his alleged mental incompetency at the time of his plea, some six years prior thereto. On the contrary, appellant testified that after being transferred from Atlanta Penitentinary to Alcatraz he went to the prison library in November 1949 and "got me some books and I started studying" and that he prepared his first motion to vacate and affidavit "All by myself. Took dictionaries, law books, encyclopedia. * * * " At this hearing he was sharp-minded and gave no indication of mental incompetency. Reference is made to the findings of the District Judge who held that hearing as summarized by this Court in its opinion affirming the order denying the motion to vacate. Thomas v. United States, supra, 6 Cir., 234 F.2d 815. Official documents conclusively showed that several allegations made by appellant in this present proceeding are completely false. The District Judge found that "there is abundant evidence that he is a pathological liar." We concur in his finding and conclusion that the files and records of the case conclusively show that the appellant was entitled to no relief. Johnson v. United States, supra, 6 Cir., 239 F.2d 698, certiorari denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; United States v. Burdette, D.C.E.D.Mich., 161 F.Supp. 326, 332, affirmed 6 Cir., 254 F.2d 610, certiorari denied 359 U.S. 976, 79 S.Ct. 887, 3 L.Ed. 2d 842. As stated by this Court in the Johnson case, "We have reached the conclusion that appellant is not entitled to a personal hearing in the district court, for we cannot believe that the Supreme Court intended in its care for the protection of human liberty to impose upon the inferior courts the duty of recalling, years after action in criminal cases, prisoners for rehearings based on obviously nebulous and false accusations. In this case, we are convinced that an oral hearing, if granted to the petitioner, could not remotely redound to his benefit.

"The cost to the Government in transporting dangerous prisoners of the type of the present petitioner, Johnson, an escape expert and dangerous gunman, is in our judgment against sound public policy in the enforcement of justice in criminal cases, where the grounds upon which the petition is based are so palpably incredible." [239 F.2d 699].

The judgment of the District Court is affirmed.