Conrad SCHIEBELHUT, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 15195.

United States Court of Appeals
Sixth Circuit.

June 25, 1963.

Conrad Schiebelhut, in pro. per.

Thomas L. Robinson, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., Herbert J. Miller, Jr., Asst. Atty. Gen., Department of Justice, Criminal Division, Washington, D. C., for appellee.

Before CECIL, Chief Judge, and MILLER and WEICK, Circuit Judges.

PER CURIAM.

This is an appeal by the appellant, Conrad Schiebelhut, from an order of the United States District Court for the Western District of Tennessee.

In July of 1958, the appellant and his wife Bernadette were sentenced after pleas of nolo contendere to a joint indictment charging them in multiple counts with counterfeiting. The appellant received a sentence of 30 years and was confined in the United States Penitentiary at Atlanta, Georgia. His co-defendant was confined in the Women's Reformatory at Alderson, Virginia.

The appellant, herein, in April 1959, filed a joint motion on behalf of himself and his wife for relief after judgment pursuant to Section 2255, Title 28, U.S.C. In response to this motion, the United States Attorney propounded interrogatories to Mrs. Schiebelhut which she refused to answer except in open court under guidance of counsel. The trial judge did not permit her to be brought into court for the purpose of answering the interrogatories.

A motion was filed in this Court requesting that a directive be issued to the District Court to make a final judgment on the "2255" motion. This motion was denied and the proceeding dismissed on August 17, 1959, for the reason that Mrs. Schiebelhut's failure to answer the interrogatories was sufficient response

to the motion. Certiorari was denied by the Supreme Court February 23, 1960. 361 U.S. 973, 80 S.Ct. 600, 4 L.Ed.2d 552. Thereafter, in April 1960, the appellant moved to withdraw the original "2255" motion. The District Judge denied this motion by order of May 6, 1960. It was stated in the order "The Court is of the opinion that petitioners should be required to proceed with their motion to vacate and should answer the interrogatories propounded to them so that the matter can in due course be disposed of by the Court; that for the petitioners to withdraw their motion to vacate sentence would, in all likelihood, do nothing more than start this litigation over again with a similar motion by petitioners, and that this, in fact, is doing nothing more than playing with the Court, and constitutes an abuse of process, * * *." It is to be noted that the interrogatories were propounded only to Mrs. Schiebelhut.

On July 18, 1962, the appellant, Conrad Schiebelhut, filed a motion in the District Court for an order to set aside an order of the District Court dated April 24, 1959, directing his wife to answer the interrogatories that had been submitted to her. The record discloses that no order was issued by the District Judge on April 24, 1959. That is the date the interrogatories were submitted by the United States Attorney to Mrs. Schiebelhut. These were submitted under Rule 33, Federal Rules Civil Procedure, and required no order of the Court. While no order was issued on April 24th as referred to by appellant in his motion, we construe the motion to mean that he seeks a review of the requirement of the District Court that the interrogatories be answered by his wife.

■■ The appellant cannot now raise the question as to whether the interrogatories were properly submitted.

This Court has previously ruled that Section 2255, Title 28, U.S.C., is a civil action and as such is subject to Rules 33 and 37(d), Federal Rules Civil Procedure. (Conrad Schiebelhut and Bernadette v. United States of America. Denial of petition for rehearing,[1] C.A.6, Misc.; Schiebelhut et al. v. United States, 361 U.S. 973, 80 S.Ct. 600, 4 L.Ed.2d 552.)

■ We are advised by appellant in his reply brief that his wife has now been released from the Women's Reformatory in Alderson, Virginia and is on parole. By reason of these changed circumstances, we are of the opinion that the appellant should be permitted to file a new motion on his own behalf pursuant to Section 2255, Title 28, U.S.C., to be considered in the light of the "guidelines" of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068.

The judgment of the District Court is affirmed without prejudice to filing a new motion.

---

1. "Motion to vacate a sentence under Section 2255, Title 28, U.S.Code, is an independent civil action. Taylor v. United States, 229 F.2d 826, 832, C.A.8th; Bruno v. United States, 86 U.S.App. D.C. 118, 180 F.2d 393, 395; Mercado

v. United States, 183 F.2d 486, 487, C.A. 1st; United States v. Stevens, 224 F.2d 866, 868, C.A.3rd; Simmons v. United States, 230 F.2d 73, C.A.10th." Opinion not reported.