Clyde **JOHNSON**, Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 15552.

United States Court of Appeals Sixth Circuit.

July 22, 1964.

Clyde Johnson, in pro. per.

William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn. (Thomas L. Robinson, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., Herbert J. Miller, Jr., Asst. Atty. Gen., Department of Justice, Criminal Division, Washington, D. C., on the brief), for respondent-appellee.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and GRAY, District Judge.

WEICK, Chief Judge.

This appeal is from an order of the District Court denying appellant's motion to vacate sentence filed under the authority of Rule 35 of the Federal Rules of Criminal Procedure. He was convicted by a jury in the District Court in 1949 of charges of bank robbery and transporting stolen money in interstate commerce contained in two indictments which were consolidated for trial. He did not appeal from the judgments of conviction.

The first indictment charged him with bank robbery on February 8, 1949. The second indictment contained two counts. In Count 1 he was charged with knowingly transporting $21,000 of stolen money in interstate commerce from Memphis, Tennessee to Little Rock, Arkansas on February 9, 1949. In Count

882

2 he was charged with unlawfully transporting $34,000 of stolen money from Memphis to Miami, Florida on February 9, 1949.

He received a sentence of 20 years on the bank robbery indictment and 10 years on each count of the two-count indictment for the illegal interstate transportation of stolen money all of which were to run consecutively for a total of 40 years.

The Rule 35 motion in the present case attacked only the 10 year sentence imposed on Count 2 of the indictment charging illegal interstate transportation of $34,000 of stolen money from Memphis to Miami. Johnson did not question the 20 year sentence for bank robbery or the 10 year consecutive sentence for transporting the $21,000 of stolen money in interstate commerce under Count 1, which sentences he is presently serving.

The District Judge denied the motion without a hearing.

■ It is the claim of appellant that the sentence on Count 2 was not authorized. He asserts that the $21,000 mentioned in Count 1 and $34,000 in Count 2 were part of the proceeds of the bank robbery of which he was convicted in the District Court and that this money was involved in a continuous transportation from Memphis to Little Rock and return and from Memphis to Miami and constituted a single offense for which only one 10 year sentence was authorized.

There is nothing in the record to prove appellant's claim. The facts on which he relies appear only in his briefs. Since no appeal was taken from his conviction, a transcript of the evidence at his trial has never been prepared.

The indictments do not support appellant's claims. They merely allege that "the said sum of money having theretofore been stolen and converted by the said Clyde Milton Johnson * * *" They do not allege the source of the stolen money or that the $21,000 involved in Count 1 was part of the $34,000 in Count 2. The transportation alleged in the two counts was to different states located in opposite directions and was not stated to be continuous.

With reference to his contention that only one transportation offense was committed, appellant relies principally on United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260; Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199; Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75.

The record here is not in such shape as permits us to apply the rule in these cases. This is not a direct appeal to review a judgment of conviction or in a proceeding to collaterally attack a judgment of conviction under Title 28 U.S.C. § 2255. The present case was instituted under the authority of Rule 35.

■ We could not treat this case as a proceeding under Section 2255 because that remedy is available only to attack a sentence under which a prisoner is in custody. This seems to be the view of a majority of the Justices of the Supreme Court and it is our understanding of the law. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Duggins v. United States, 240 F.2d 479 (CA 6); Juelich v. United States, 257 F.2d 424 (CA 6).

Johnson is not in custody under the sentence imposed on Count 2. He is serving the bank robbery sentence of 20 years and the 10 year sentence under Count 1 which were to be served consecutively, neither one of which he is attacking. He has served only one half of these sentences. He made no claim that he had served either or both of these sentences or that he had been paroled. He is, therefore, lawfully detained on unquestioned sentences.

We do not indulge in the speculation contained in the dissent, on matters not in the record before us, that Johnson may have served his 30 year sentence or was entitled to parole or that the Dis-

trict Judge may have had facts to support the motion under Section 2255. We feel certain that if the District Judge had been in possession of such facts he would have mentioned them in his order.

The facts alleged by appellant in his brief could be established only by evidence dehors the record.

The purpose of Rule 35 was to permit the court, at any time, to correct a sentence that "the judgment of conviction did not authorize." United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248; Duggins v. United States, supra. Application of the Rule presupposed a valid judgment and it was not contemplated by such a proceeding to go outside of the record to collaterally attack it. Other remedies were available for that purpose.

The sentence of 10 years on Count 2 was authorized by the judgment of the court finding appellant guilty on that count. Title 18 U.S.C. § 2314.

■ In effect, appellant is attempting not to correct an unauthorized sentence, but to collaterally attack and overturn his conviction under Count 2. Rule 35 may not be used as a substitute for appellate review, or to attack the validity of a conviction. Willis v. United States, 289 F.2d 581, 584 (CA 8); Funkhouser v. United States, 260 F.2d 86 (CA 4); Duggins v. United States, supra; Cuckovich v. United States, 170 F.2d 89 (CA 6).

The dissenting opinion quotes the first sentence in the order of the District Judge that appellant was "claiming that Count 2 of an indictment under which he was sentenced for bank robbery is illegal." We regard this statement of the District Judge as inadvertent. No point of it was made by appellant and it appears for the first time in the dissent. A reading of the entire order convinces us that the District Judge was aware of the fact that appellant was attacking only Count 2 of the indictment charging illegal transportation of stolen money and was not disputing his sentence on Count 1 or on the bank robbery indictment.

It was the view of the District Judge that appellant in reality was attacking his conviction under Count 2 of the indictment. If, as appellant claims, the evidence at the trial proved a continuous transportation of the same money from Memphis to Little Rock, from Little Rock to Memphis and from Memphis to Miami, then he should not have been convicted on Count 2. The District Judge stated in his order, however, that the facts were sufficient to go to the jury under Count 2. The Court was of the opinion that the jury verdict could not be collaterally attacked under Rule 35 and that the prisoner could not use the procedure under this Rule to appeal his cause on the facts.

■ We think the District Judge was correct in his ruling. While, as pointed out in the dissent, motions under Rule 35 are filed in the original criminal action, this does not mean that a delayed appeal is afforded thereby to review the validity of a judgment of conviction. In our opinion, it was never intended that the Rule operate for any such purpose.

Appellant has an adequate remedy to obtain relief pursuant to Section 2255 as soon as he serves his unquestioned sentences and is in custody under the sentence imposed on Count 2.

■ We realize that we are probably authorized to treat the motion under Rule 35 as an application for a Writ of Error Coram Nobis (See United States v. Morgan, supra, where that ancient remedy was resurrected) but we have no inclination to do so. The present case, in our judgment, presents no exceptional circumstances as were involved in Morgan, justifying the granting of such relief. Fifteen years have elapsed since appellant's conviction. In this long interval witnesses may have died or moved to parts unknown. The transcript of evidence offered at the criminal trial probably cannot be prepared as, we are advised, the reporter is dead. Appellant was not an inexperienced infant wholly unfamiliar with the law as the brief pro per filed in his case eloquently attests. He previously had many encounters with

the law. We do not believe it took him 15 years to discover the point which he is now raising. We think he knew all about it much sooner. He may have had such knowledge at the time of the previous Section 2255 proceeding, in which he attacked his conviction on grounds other than asserted here. In a brief filed in that proceeding he stated:

> "Whether or not Judge Boyd was prejudicial to petitioner is a matter of conjecture; but Judge Boyd did impose the maximum present sentence under the law. *In fact, Judge Boyd may have overreached himself in the matter of sentence, but that issue is not raised here.*" (Italics ours)

Perhaps appellant was withholding that issue for future use.

This Court in 1956 had occasion to review the order of Judge Boyd denying the motion to vacate sentence.[1] The opinion of the Court was to the effect that his appeal was not meritorious and there was no basis to set aside his conviction.

The judgment of the District Court is affirmed.

GRAY, District Judge (dissenting).

On September 7, 1962, the appellant filed in the District Court a motion which he captioned in Criminal Case No. 7291 and entitled as a "Motion for Vacation of Illegal Sentence (Rule 35, Federal Rules of Criminal Procedure)." Both the motion and an attached memorandum that was incorporated into it by reference were verified. Three exhibits were attached to the memorandum, consisting of uncertified carbon copies of copies of indictments numbered 7264 and 7291 and a judgment under Indictment No. 7291.

The motion was treated in the District Court as an independent civil action, and the District Court clerk therefore transmitted in accordance with Rule 15(2) of the rules of this court a record on appeal consisting only of (1) the motion and attached papers; (2) the government's unverified response of January 7, 1963; (3) the appellant's verified reply of January 21, 1963; (4) the court's order of July 12, 1963, overruling the motion; (5) the notice of appeal filed July 22, 1963; and (6) the docket entries and clerk's certificate listing the above instruments.

Indictment No. 7264 was a one-count indictment charging the appellant and another with robbing a bank in Memphis, Tennessee of $43,000 on February 8, 1949. Indictment No. 7291 was in two counts charging the appellant alone with (1) transportation of $21,000 of stolen money from Memphis to Little Rock, Arkansas, and (2) transportation of $34,000 of stolen money from Memphis to Miami, Florida, both transportations being alleged as occurring on the same day, February 9, 1949, which was the day after the bank robbery alleged in the first indictment.

The parties agree in their briefs in this court that the two indictments were tried together in 1949, and that upon a jury verdict of guilty on each of the three counts, the court below imposed consecutive sentences of 20 years on the bank robbery indictment and 10 years on each count of the transportation indictment, a total of 40 years.

The appellant concedes the legality of the bank robbery sentence and one of the transportation sentences, but he contends that both of the transportation sentences cannot be legal because the two counts refer to different parts of a single interstate transportation of the same money on a route from Memphis to Little Rock and back through Memphis to Miami. He chose to specify count 2 of the transportation indictment as the illegal one, although no such choice was necessary to raise the point.

The point is a legal one. He necessarily accepts the government's evidence and assumes its sufficiency to establish the facts alleged in both counts. But he contends that the same evidence shows without dispute that both counts referred to the same money in different stages

[1]. Johnson v. United States, 239 F.2d 698 (C.A. 6).

of the same transportation. This is not a frivolous question. See e. g., Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952).

However, there is nothing in the record to indicate the question thus tendered was considered by the District Court. The order appealed from treats the motion as "claiming that Count 2 of *an in-dictment under which he was sentenced for bank robbery* at gunpoint in 1949 is illegal." [Emphasis added.] Nowhere does the order recognize either specifically or by implication that two counts of transportation were involved. Furthermore, the District Court interpreted the motion as alleging that there was not sufficient evidence to support the verdict, stating that "the prisoner, in effect, says there were not sufficient facts for him to be found guilty by a jury under Count 2 of *the* indictment." [Emphasis added.]

The District Court's holdings were:

(1) "[T]he Court is of the opinion that the jury verdict cannot be attacked in this manner, nor can the prisoner use this procedure to appeal his cause on the facts."

(2) "[T]he defendant received a fair trial. * * * *".

(3) "[T]he facts were sufficient to go to the jury under Count 2 of the indictment. * * * *"

If the District Court properly construed the motion as presenting a mere question of the sufficiency of the evidence to support one count of the indictment, of course the first holding was correct without reference to the merits of the question. But the motion is not reasonably susceptible of that interpretation on its face, nothing else in the record tends to give it that meaning, and the District Court seems clearly to have considered Count 2 in isolation from Count 1.

It must be concluded, then, that the appellant has not had a ruling either on

the justiciability or the merits of the contention he presented in the court below. This raises the question whether he was entitled to have such a ruling.

The motion, although denominated by the appellant as a motion under Rule 35, could have been treated, depending on the circumstances, either as the appellant denominated it, or as a motion under 28 U.S.C. § 2255, see Andrews v. United States, 373 U.S. 334, 337–338, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963), or as a motion in the nature of a writ of error *coram nobis,* see United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

There is no doubt that the question is one that may properly be raised under Rule 35. Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). But there is doubt whether relief could be granted if it were necessary to consider matters *dehors* the record of the criminal case. See Cuckovich v. United States, 170 F.2d 89 (6th Cir. 1948) cert. denied 336 U.S. 905, 69 S.Ct. 484, 93 L.Ed. 1070 (1949); Funkhouser v. United States, 260 F.2d 86 (4th Cir. 1958) cert. denied 358 U.S. 940, 79 S.Ct. 346, 3 L.Ed.2d 348 (1959). The Supreme Court seems deliberately to have left the point open. See Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), and the concurring opinion of Mr. Justice Stewart, 358 U.S. at 422, 79 S.Ct. at 454.

Unfortunately, the record of the criminal trial is not before us, and it is therefore impossible to determine whether it would have been necessary to go outside that record to determine the question. There may be nothing helpful in the record. Government counsel informs us there was no transcript and that the reporter is now dead. On the other hand, for all this appellate record shows, the criminal case record may contain dozens of exhibits (perhaps including the alleged confession referred to by the government) adequately setting out the few facts necessary to establish or refute the contentions of the appellant. The District Court was authorized to con-

sult the record and says it did, but no facts from it are recited for our information. The appellant contends here that "the records and files of criminal case No. 7291 conclusively show that said Court imposed multiple terms for a single offense. * * *" He also asked in his notice of appeal that those records be sent up.

Other difficulties arise if the motion be considered under § 2255. The Supreme Court granted relief under that section in a closely analogous situation in Ladner v. United States, supra. In Ladner the case was already fourteen years old; here it is fifteen. There, as here, there was no transcript. There, as here, the two counts in question alleged distinct crimes on their faces. There, as here, the prisoner contended the evidence showed the two alleged crimes were legally only one crime. And there an additional complication appeared from the indication of the trial judge that he recalled a conflict in the evidence on the key factual point. 358 U.S. at 178, note 6, 79 S.Ct. 209. Still, the Supreme Court remanded for a "hearing on the motion to reconstruct the trial record." 358 U.S. at 179, 79 S.Ct. at 214.

In Ladner, however, the Supreme Court specifically left open the issue whether the question was a proper one to be raised by collateral attack, holding on that point only that the government's objection came too late. 358 U.S. at 173, 79 S.Ct. 209. But the same situation obtains in the present case. The government has not contended the question is not a proper one for consideration under § 2255. Indeed, at one point in its brief it affirmatively contended that the appellant could have raised it on his previous § 2255 motion eight years ago. See Johnson v. United States, 239 F.2d 698 (6th Cir. 1956) cert. denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539 (1957). Of course, at another point in its brief, it contends inconsistently that even now a § 2255 motion is premature, but that is not an objection to the appropriateness of the remedy. Under Ladner, then, it appears that the appellant was entitled to

a full hearing on his contentions unless the government's objection of prematurity is good.

But the question of prematurity under § 2255 depends upon whether he is in custody under the sentence he attacks. Heflin v. United States, supra. And again, the inquiry comes up against the inadequacy of the record on appeal. Nothing in the record tells us officially even what his sentences were, or when he began serving them. From the allegations of the parties, we learn only that the appellant had a total of 30 years of uncontested sentences and has served about half of that time. This seems to leave open the possibility that, but for the sentence under attack, he would be eligible for release or parole with statutory "good time," see 18 U.S.C. §§ 4161, 4162 and 4202; McNealy v. Johnston, 100 F.2d 280 (9th Cir. 1939). It is true that the appellant did not allege any right to immediate release, but the District Court may have had facts before it to support treatment of the motion under § 2255.

There remains the possibility of treating it as a motion in the nature of a writ of error *coram nobis*. But this, too, is not determinable on appeal. Prior to United States v. Morgan, supra, this old common law writ's purpose was "to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." Allen v. United States, 162 F.2d 193, 194 (6th Cir. 1947). But the Supreme Court cast doubt on the validity of that limitation, saying, "Such an attitude may reflect the rule that deliberate failure to use a known remedy at the time of trial may be a bar to subsequent reliance on the defaulted right." 346 U.S. at 511, 74 S.Ct. at 252. The Morgan case involved the rather fundamental question of the right to counsel, but the court's discussion indicated the writ should be available without limitation of time to correct errors of fact "that affect 'the validity and regularity' of the judgment." 346 U.S. at 507, 74 S.Ct. at 250. The indications are that the error complained of in the present motion, if it.

was an error, was one of law and not of fact, but the trial court, with the full record before it and with the aid of the trial judge's recollection of the evidence referred to in its order of July 12, 1963, would be in a better position to characterize the alleged error correctly.

The petitioner's election to bring his motion under Rule 35 does not appear to be so obviously inappropriate that it should have been ignored. The motion should have been filed in the original criminal case in the first instance. See Andrews v. United States, supra, 373 U.S. at 337, 83 S.Ct. 1236; Heflin v. United States, supra, 358 U.S. at 418, note 7, 79 S.Ct. 451; United States v. Green, 24 F.R.D. 130 (D.Mass.1959), affirmed on another point, 273 F.2d 216 (1st Cir. 1959), affirmed 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), rehearing denied 365 U.S. 890, 81 S.Ct. 1024, 6 L.Ed. 2d 201 (1961). If this had been done, an appeal from the court's decision either on the procedure or the merits would naturally have brought up the pertinent criminal case records by virtue of Rule 15(2) of this court.

By treating the motion from the outset as the institution of an independent civil action, the District Court gave it the indicia and limitations of a motion entertained under § 2255 without preserving the procedural point for review. See Schiebelhut v. United States, 318 F.2d 785, 786 (6th Cir. 1963). For all the appellate record shows, this procedure might have been properly adopted after consideration of the possible applicability of Rule 35. If the motion was properly treated as arising under § 2255 despite the limitations on that proceeding, then the appellant was entitled to whatever hearing was necessary to determine the question he presented. Ladner v. United States, supra. This does not mean the court was required to hold an evidentiary hearing with the appellant present. See 28 U.S.C. § 2255, Paragraph 4; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). But he was entitled to a procedure and a decision calculated to permit proper review on appeal by either party of whatever merits or demerits his contention may have had.

It seems to me that my brothers of the majority are telling the appellant that the trial court erred in apparently treating this action as a § 2255 motion, over his protests, and then telling him that since this error has resulted in an inadequate record his claim cannot be reviewed on its merits, if any.

Further, it appears that the majority opinion contains internal conflict in its statement relative to the difficulty of establishing the record fifteen years after the trial and its further statement that after fifteen more years appellant will have an adequate remedy under § 2255.

I would either reserve judgment and order the criminal case record sent up or I would vacate the judgment below and remand the case for further proceedings designed to produce an adequate appellate record.