**1094**

Claude N. JONES, Jr., Movant,

v.

UNITED STATES of America,
Respondent.

Civ. A. No. 1043.

United States District Court,
E. D. Tennessee,
Winchester Division.

Sept. 22, 1970.

Claude N. Jones, Jr., pro se.

John L. Bowers, Jr., U. S. Atty.,
Knoxville, Tenn., for respondent.

MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Claude N. Jones, Jr. who is in custody under sentence of this Court, claims the right to be released upon the ground that sentence was imposed upon him on March 15, 1968 in violation of the Constitution of the United States, and is subject to collateral attack. He moves the Court to vacate and set aside such sentence, on the ground that he " * * * was suffering from a mental incompetency condition undisclosed at trial." 28 U.S.C. § 2255.

Noticing its records in United States of America v. Claude Newton Jones, Jr., et al., criminal action no. 1438, this district and division, this Court finds that the movant Mr. Jones appeared with his codefendant for arraignment on January 15, 1968; that the Court advised the defendants that each had been indicted by a grand jury and had a right, before taking any step in that connection, to the assistance of counsel; that Mr. Jones responded that he did not wish the services of a lawyer; that he understood that he had such right, even if he lacked the money to pay for such; and that, knowing this, he did not want an attorney; that he had received a copy of the indictment the grand jury had returned against him; and that he understood the charges against him; that he understood he was pleading guilty to all five counts of the indictment therein.

The Court finds further that Mr. Jones reappeared in open court on March 15, 1968 for imposition of judgment; that he again voluntarily and intelligently waived his right to the assistance of counsel; that the Court was satisfied that there was a factual basis for each of his guilty pleas; that the Court engaged in a dialogue at some length with the movant while reviewing the presentence report on Mr. Jones prepared by a probation officer; that Mr. Jones had nothing to say why judgment should not be pronounced; and that the sentence of

imprisonment under count one of the indictment was then imposed.

In these several contacts with the movant, there was not the slightest indication of any type prompting the Court to believe that Mr. Jones might be (then) presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to waive the assistance of counsel or defend himself. The two assistants United States attorney for this district, who participated in the respective proceedings, made no motion under 18 U.S.C. § 4244 for an examination of the petitioner as to his mental condition, so it may be inferred from their inaction that such counsel had no reasonable cause to believe that the petitioner was then presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, *idem.*

Mr. O. G. Blackwell, warden of the United States penitentiary, Atlanta, Georgia, transferred custody of the petitioner to Dr. Pasquale J. Ciccone, director of the medical center for federal prisoners, Springfield, Missouri as of May 22, 1969. After diagnosis by the psychiatric staff at the latter institution, Mr. Jones was transferred in October, 1969 to the prison camp at Springfield. In December of that year, Mr. Jones began experiencing a decompensation, requiring his return to psychiatric status. In April, 1970 it was felt by the psychiatric staff at the medical center for prisoners that Mr. Jones requires supervision, should remain on psychiatric status, and can expect periods of decompensation in the future. Nonetheless, there has been no certification by the director of the bureau of prisons that Mr. Jones, whose mental competency was not an issue before or during his trial, has been examined by the board of examiners referred to in 18 U.S.C. § 4241, and that there is probable cause to believe that he was mentally incompetent at the time of his trial.

It is only when such director makes such certification that the Attorney General shall transmit such certificate and report of the board of examiners to the clerk of this Court, and a hearing shall be had to determine Mr. Jones' mental competency in accordance with the provisions of 18 U.S.C. § 4244. 18 U.S.C. § 4245. Mr. Jones contends that he was "found insane" at the Atlanta penitentiary, and it is "mandatory" that he be given the hearing by this Court contemplated by 18 U.S.C. § 4245. Although at one time it was held that the Court has no jurisdiction in a proceeding under 28 U.S.C. § 2255 to hold a hearing to determine the movant's insanity or mental competence at time of trial, absent a certificate by the bureau of prisons that there was probable cause to believe that he was insane or mentally incompetent at that time, Hoskins v. United States, C.A.6th (1957), 251 F.2d 51; see also Thomas v. United States, C.A.6th (1956), 234 F.2d 815, certiorari denied (1957), 352 U.S. 1006, 77 S.Ct. 568, 1 L.Ed.2d 551, rehearing denied (1957), 353 U.S. 925, 77 S.Ct. 683, 1 L. Ed.2d 721, the more recent view is that .the Court does have jurisdiction, United States v. Thomas, C.A.6th (1961), 291 F.2d 478, 480[2], but that, if the motion, files and records of the case show conclusively that the prisoner is entitled to no relief, the District Court is empowered by the provisions of 28 U.S.C. § 2255 to make a ruling to that effect without a formal hearing, *ibid.*, 291 F.2d at 480[3].

Such motion, files and record reflect conclusively that Mr. Jones had no previous history of mental illness, prior to "recently" before April 17, 1969, more than a year after he was sentenced. On that date he was treated intensively, and his psychiatric symptomatology cleared up. Further treatment was commenced on May 16, 1969. It was the opinion of

Dr. Joseph F. Alderette, chief medical officer and psychiatrist at the Atlanta penitentiary, on May 22, 1969 that Mr. Jones was suffering a schizophrenic reaction, undifferentiated, in conjunction with an agitated depressive psychosis. It appears from the subjective symptoms given this psychiatrist by Mr. Jones that he thought he began losing his mind when his mother died in about March, 1969, and thought someone was trying to kill him. After an observation period in the prison hospital of eleven days in early 1969, according to Dr. Alderette, " * * * the net result * * * was that this patient was frightened that someone was trying to kill him and was trying to get a transfer someplace else. * * * " Mr. Jones related to Dr. Lewis R. Kannwischer, staff psychiatrist at the medical center for federal prisoners, afterward that he had been " * * * very fearful of Atlanta because of 'violence which occurred there' and he wished to get away from that institution to a small one or to a camp setting. * * * " He was transferred to a camp setting at Springfield, but, as stated, on April 7, 1970 was restored to psychiatric status.

These reflections show this Court conclusively that Mr. Jones' present condition developed long after he was arraigned, pleaded guilty, and was sentenced by this Court. His motion for a vacation of his sentence is frivolous and obviously without merit, and no hearing thereon is required. United States v. Thomas, *supra*, 291 F.2d at 480[3], citing Bishop v. United States (1955), 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835.

The movant is entitled to no relief. Judgment will enter, dismissing his motion. Rule 58, Federal Rules of Civil Procedure. In the event Mr. Jones files a timely notice of appeal, he may proceed therewith in forma pauperis without further authorization. Rule 24(a), Federal Rules of Appellate Procedure.