**John Raymond MALONE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14625.**

United States Court of Appeals
Sixth Circuit.

Feb. 10, 1962.

David N. Gorman (Court Appointed), Cincinnati, Ohio (John Raymond Malone, per se, on the brief), for appellant.

Charles M. Diamond, Asst. U. S. Atty., Ashtabula, Ohio (Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, and Charles M. Diamond, Asst. U. S. Atty., Ashtabula, Ohio, on the brief), for appellee.

Before CECIL and WEICK, Circuit Judges, and BOYD, District Judge.

WEICK, Circuit Judge.

This is appellant's third appeal to this Court.

He was found guilty by a jury in the District Court on September 12, 1955 of

violating the Federal Bank Robbery statute. Title 18, Section 2113(a, d), U.S.C. He was sentenced to 20 years imprisonment and is confined at Alcatraz, California. At his trial he was represented by counsel of his own choice. An appeal was taken to this Court. Counsel was appointed by the Court to represent him in the appeal and a transcript of the evidence was furnished to him at Government expense. The judgment of conviction was affirmed. 238 F.2d 851.

Judge Allen, who wrote the opinion for the Court, said:

"Defendants were represented in the District Court by counsel of their own choice, the identification .was by eyewitnesses, was direct and positive, and the trial was fair."

On April 18, 1957 Malone filed a motion to vacate sentence under the authority of Title 28, Section 2255, U.S.C. In that motion he charged the Government with forcing and framing the identification of witnesses and claimed that he was not adequately represented at the trial. This motion was denied by the District Court and an appeal was taken to this Court. He was allowed to proceed in forma pauperis. The judgment of the District Court was affirmed. 257 F.2d 177.

The present motion to vacate was filed in the District Court on September 13, 1960 and was supported by two affidavits of Malone. He claimed that while he was confined in the Cuyahoga County Jail for about six months awaiting trial on the bank robbery charge he had concealed on his person approximately one and one-half ounces of cooked gum opium; that a portion of the drug was orally administered to him during the period of his trial which was between the dates of September 7, 1955 to September 11, 1955 and that as a result thereof he was under the influence of a narcotic drug; that on September 12, 1955 he was suffering with withdrawal symptoms of orally administered gum opium; that he was not able to cooperate competently with his attorney; that he informed his attorney of this fact and asked him to obtain a continuance of the case which the attorney refused to do.

His attorney, who was a former Law Director of the City of Youngstown, filed an affidavit in which he stated that throughout the preparation and trial of the case he worked closely with Malone and had ample opportunity to view his client, talk with him, and observe his conduct and mannerisms; that Malone had complete control of his mental faculties through the trial and was at all times competent and alert and capably and intelligently assisted in the defense of his case; that at no time was Malone under the influence of opium gum or any other depressant or narcotic drug.

The District Judge without any oral hearing denied the motion to vacate on the ground that the motion, files and records of the case conclusively show that the petitioner is entitled to no relief. In this Court, appellant has filed three briefs. We appointed counsel who ably argued the points of law involved.

Malone contends that issues of fact were presented by him in the District Court as to his incompetency at his trial which could not be determined without a hearing and that it was the duty of the District Court to give him a hearing at which he could be personally present and offer evidence in support of his claims and that the District Judge should adopt findings of fact and conclusions of law. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Teller v. United States, 263 F.2d 871 (CA6).

Section 2255 of Title 28 U.S.C. provides in part as follows:

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

■ It is not the law that in every case where the movant may set forth a.

**256**

claim which appears to be good on paper although manifestly false in fact and frivolous, the District Court is nevertheless obliged to grant him an oral hearing. United States v. Thomas, 291 F. 2d 478 (CA6); Johnson v. United States, 239 F.2d 698 (CA6), cert. denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539.

 It is necessary that the movant substantiate his conclusions by allegations of fact with some probability of verity. O'Malley v. United States, 285 F.2d 733 (CA6); Stephens v. United States, 246 F.2d 607 (CA10).

In the present case the District Judge who passed upon the second motion to vacate presided at the criminal trial and also heard the first motion. We believe that he was thoroughly familiar with the record and files of the case.

It must have seemed fantastic to the District Judge, as it was to us, that a federal prisoner who was confined in jail for six months awaiting trial could conceal one and one-half ounces of gum opium on his person, avoid detection and keep enough on hand to drug himself to the extent that he was incompetent at his trial. It is almost unbelievable that if Malone had been drugged into incompetency, his condition would have escaped the attention of the presiding judge and those in attendance during the four days of his trial.

If Malone had been under the influence of opium on the date of his conviction we would assume that he had recovered his composure when he arrived at Alcatraz for no claim is made that he was suffering with any of the symptoms of the drug while there.

One year and a half later when he filed his first motion to vacate, he made no mention of his alleged incompetency at the trial. He must have known then what he claims to know now. He waited for five years and then claimed for the first time that he had drugged himself at his trial.

 Having failed to assert these claims earlier although he had an opportunity to do so raises a strong inference as to their invalidity. Cain v. United States, 271 F.2d 337 (CA8).

His police record which extends over the period from 1943 to 1955 reveals no history of his present claim of addiction to drugs.

 Where successive motions to vacate sentence are filed asking for the same or similar relief, it rests within the sound discretion of the judge whether to entertain the second motion even though it may contain new grounds for relief not in the first motion. Dunn v. United States, 234 F.2d 219 (CA6).

 The District Judge, in the exercise of his discretion, determined the motion from the files and records of the case without granting an oral hearing. In our opinion, he did not abuse his discretion in any respect.

The judgment of the District Court is affirmed.