**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank Lawrence SPRENZ, Defendant-**
**Appellant.**

**No. 14815.**

United States Court of Appeals
Sixth Circuit.

June 19, 1962.

———————

Frank Lawrence Sprenz, in pro. per.

Joseph P. Kinneary, U. S. Atty., Thomas A. Luken, First Asst. U. S. Atty., Arnold Morelli, Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Before CECIL and WEICK, Circuit Judges, and BOYD, District Judge.

WEICK, Circuit Judge.

This appeal is from an order denying Sprenz's motion to vacate sentences totaling twenty-five years in prison which were imposed upon him in the District Court on May 20 and May 29, 1959 on his pleas of guilty to Count 2 of an indictment charging him with robbery of an insured bank in Hamilton, Ohio and Rule 20 informations and an indictment charging him with transporting stolen automobiles and airplanes in interstate commerce. Sprenz is confined in Alcatraz.

Following the sentencing in the District Court, on June 4, 1959, Sprenz was sentenced from one to seven years in the Ohio State Penitentiary by the Common Pleas Court of Butler County, Ohio in Hamilton when he was found guilty by that court of an airplane theft in Hamilton and twenty years for the bank robbery, both sentences to run concurrently with the twenty-five year sentence imposed by the District Court.

On June 18, 1959 Sprenz was sentenced from ten to twenty-five years in the Ohio State Penitentiary by the Common Pleas Court of Summit County, Ohio in Akron on his pleas of guilty to two counts of armed robbery; one to twenty years on three counts of auto theft and one to five years on Jail Break and Escape all of which were to run concurrently and to commence after the termination of his twenty-five year sentence in the District Court.

■■ In his motion to vacate sentence, Sprenz claimed that at the time of his arraignments and sentencing in the District Court on May 20 and May 29 he was under the influence of drugs administered to him by jail officials and if he had had the use of his full mental facilities at the time he would not have entered his pleas of guilty or consented to the waivers under Rule 20, Fed. Rules Crim.Proc. 18 U.S.C.A. He claimed that he was administered seconal tranquilizers and other drugs and on the days he was scheduled to appear in court, he was given extra drugs which had the effect of lulling him into a languid attitude and mental condition where he agreed with everything suggested to him by his counsel. He claimed that he was in a state of mental narcosis at the times

of his arraignments and pleas of guilty on said dates.

The motion is silent as to whether his condition of stupor continued on through the dates of June 4 and June 18, 1959 when Sprenz was sentenced by the Common Pleas Courts of Butler and Summit Counties, Ohio.

The order entered by the District Court goes into considerable detail concerning the court proceedings, Sprenz's escapades and his long criminal record and the investigation ordered by the Court, which was made following the filing of his motion.

Before the arraignments and pleas, the District Court appointed two able and experienced trial lawyers to represent Sprenz. One of the attorneys had been a former Assistant United States Attorney and the other an Assistant Prosecuting Attorney of Hamilton County, Ohio. These lawyers filed a motion asking the Court to appoint a psychiatrist to examine Sprenz and a second motion to require the Government to elect as to which of the two counts of the indictment it would proceed at the trial on May 18 and 19th. Sprenz was examined by Dr. Harry Dornheggen, a qualified psychiatrist, who reported to the Court that Sprenz was "mentally competent to understand the proceedings against him and to properly assist in his own defense." Sprenz was seen by Dr. Musekamp, a jail physician on the day of the hearing on May 20th before he was taken to court.

At the hearing in open court on May 20, 1959 when Sprenz appeared with his lawyers, the Court explained to Sprenz the nature of the offenses charged in the indictment and asked "What is your plea?" Sprenz replied "Guilty, ·Count two." This was the more serious charge and Count one was dismissed.

The Court then asked Sprenz if he had anything to say before sentence was pronounced and Sprenz answered "Nothing."

Sprenz was then asked by the Court whether he made a statement to the F.B.I. when he was arrested in Mexico with about $17,000 of the loot in his possession. His answer was "Yes."

Special Agent Thomas A. Conroy testified that he took statements from Sprenz and the victims; that there were eight employees in the bank at the time of the holdup and three customers all of whom identified Sprenz as the person who perpetrated the holdup; that the bank records indicated that Sprenz obtained $25,955; that Sprenz used a 38-caliber revolver which he obtained in a burglary in Dayton, Ohio just prior to the bank robbery.

Sprenz and his counsel were asked whether they desired to ask any questions of Mr. Conroy and they both replied "No."

Sprenz was then asked whether Mr. Conroy had made "a fair and correct statement of the facts" and he said "Yes." Sprenz then signed the Rule 20 waivers.

At the hearing on May 29, 1959 Sprenz appeared again with both of his lawyers and entered pleas of guilty to the informations and indictment and was sentenced.

In the investigation ordered by the Court, statements were obtained by the F.B.I. from Dr. George H. Musekamp, jail physician of Hamilton County, Charles R. Junker, retired warden of the jail, Joseph R. Hesselbrock, the present warden, John James Sullivan, jailer, and three Deputy United States Marshals. These statements and the statement given by Sprenz to the F.B.I. are attached as exhibits to the record.

Dr. Musekamp, the jail physician, saw Sprenz on May 7, 1959. His blood test was non-reactive. He saw him on May 12 and 13th and ordered milk and soup for him. At that time Sprenz was on a hunger strike and was not eating, but his condition checked satisfactory. The doctor saw Sprenz again on May 15th and he was not sleeping at night. The doctor prescribed one seconal tablet each night for five nights to induce sleeping. He saw Sprenz on May 16th. Sprenz was

still not eating but his physical condition was satisfactory. It was still satisfactory on May 18th and was so reported to the United States Marshal's office. On May 19th Drs. Musekamp and Dornheggen both saw Sprenz.

On May 20, 1959 at 9:00 a. m. (the day of the first plea) Dr. Musekamp saw Sprenz. At this time Sprenz was no longer getting seconal and his condition was satisfactory. On May 21st, the doctor used some oil of cloves on Sprenz's teeth as he was complaining about his teeth hurting and prescribed one seconal capsule for that night and a second capsule on May 22nd. On May 23rd, the doctor again used oil of cloves on his teeth and prescribed A.P.C. tablets which are similar to "Anacin" to relieve any pain from his teeth. The doctor did not see Sprenz after May 23rd and no seconal was given after that date. No tranquilizer or any other type of medication was administered to Sprenz except as indicated in his statement. The only effect of seconal is to induce sleep for a few hours and the effect is worn off by the following morning. Sprenz received no more than seven seconal tablets during his entire stay at the jail.

The statements of the wardens and jailers were to the effect that the instructions of Dr. Musekamp were followed. The Deputy Marshals stated that Sprenz made no statement to them about his health or medical treatment in jail. They noticed nothing unusual about his physical or mental condition and he appeared normal.

It is the position of Sprenz that the facts stated in his motion must be treated as true by the Court; that all contrary statements and affidavits must be disregarded and that the Court cannot dispose of his motion without a plenary hearing.

In the present case Sprenz appeared in court twice with his lawyers. His intelligent responses to the questions asked by the District Judge do not indicate that he was in any stupor. If he had been in a state of mental narcosis as alleged, his condition would most certainly have been observed by the judge, lawyers, deputy marshals and others in attendance in the court. There is enough in this record to justify the action of the District Court even if the statements obtained in the investigation were disregarded entirely.

The Supreme Court has recently indicated the propriety of making an investigation as to allegations of fact outside the record. In Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473, Mr. Justice Stewart said:

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court."

The facts in the present case were fully investigated. The claims of Sprenz were shown to be false in every particular. The District Court did not deem it necessary to require his presence at a hearing. In fact, the Court was of the view that the motion was designed by a clever, daring and master criminal and escape artist for the purpose of providing himself with a cross-country trip at Government expense and an opportunity to escape with the resultant danger to the lives not only of Deputy United States Marshals, but also to members of the public with whom he might come in

contact. We think our decision in Malone v. United States, 6 Cir., 299 F.2d 254 is applicable here.

The judgment of the District Court is affirmed.