Henry DAVIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17037.

United States Court of Appeals Eighth Circuit.

July 23, 1962.

Rehearing Denied Sept. 6, 1962.

Henry Davis, pro se.

D. Jeff Lance, U. S. Atty., St. Louis, Mo., filed motion to dismiss.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The United States has filed a motion to dismiss as frivolous the appeal taken by appellant from the denial of his motion under 28 U.S.C.A. § 2255, for vacation of the sentences imposed upon him on his pleas of guilty to all the counts of an indictment.

The counts of the indictment were eight in number, seven of them charging sales of heroin in violation of 26 U.S.C. § 4705(a), and the eighth charging conspiracy with a third party to violate said section by engaging in selling heroin contrary to its provisions. Appellant was given a sentence of 5 years imprisonment on each count, with the sentences on counts 1, 2, and 3 to run consecutively to each other, and with the sentences on the rest of the counts to run concurrently with those on the first three counts. The

term of appellant's imprisonment thus amounted to a total of 15 years.

[1, 2] The first basis of appellant's motion to vacate was a contention that all the counts in the indictment were fatally defective in that they failed to charge that, in making the sales or in conspiring to effect them, appellant had knowingly and wilfully undertaken to violate the statute. We long ago held, however, under the Harrison Narcotics Act, that criminal intent is not an element of the offense of selling narcotic drugs in violation of the statute. Daugherty v. United States, 8 Cir., 2 F.2d 691, reversed on other grounds, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. The motive with which one may have engaged in such forbidden selling, or in conspiring to effect such forbidden sales as have been completed, is wholly immaterial. Guilbeau v. United States, 5 Cir., 288 F. 731, 733.

■ The provision of the Harrison Narcotics Act, 38 Stat. 786, that "it shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid [narcotics] drugs except in pursuance of a written order of the person to whom such article is sold, bartered, or exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue", was without material change made a part of the Internal Revenue Code of 1939, § 2554(a), 26 U.S.C.A. § 2554(a) and of the Internal Revenue Code of 1954, § 4705 (a), 26 U.S.C.A. This prohibition has judicially been regarded, through the years, in the numerous prosecutions which have been made under it, as involving no question of intent. Neither the language of the statute nor any existing decision affords any possible basis for appellant's contention.

■ The second ground of appellant's motion was a statement that he had "entered a plea of guilty with the understanding by information that the U. S. Attorney told him that he would receive more than the minimum, but it would be (the counsel's advice) from seven to ten years (See Exhibit A) but received fifteen years". Exhibit A referred to in appellant's statement and attached by him as a basis for his motion, contained nothing that could be contended to constitute an improper inducement in regard to the length of his sentence. To the contrary, it demonstrated that all that had occurred in the situation was that the United States Attorney and appellant's appointed counsel had each ventured an opinion or prediction as to what sentence the court might impose, and that appellant's counsel had made it clear that these were merely personal estimates or guesses without any implication of basis for reliance on them as far as the court was concerned.

The exhibit consisted of a letter to appellant from his counsel in which it was stated:

"With respect to your inquiry concerning my statement that you would receive no more than a seven year prison sentence for pleading guilty, I remember that matter quite distinctly. The United States Attorney handling the case stated that it was his opinion that you would receive more than the minimum because of your prior record, and that it was his guess that the sentence would be seven years. I also distinctly recall stating to you that, although the United States Attorney was much more familiar with such matters, it was my estimation that your sentence would be for ten years."

Mere prediction as to the court's likely attitude on sentence, whether made by the United States Attorney or by defendant's appointed counsel, is not a ground for having a sentence vacated and a plea of guilty withdrawn, where it has been indicated or otherwise is manifest that the expression is one of personal opinion, with no basis for the defendant to regard it as involving any agreement or understanding with the court. Cf Domenica v. United States, 1 Cir., 292 F.2d 483, 485.

Appeal dismissed as frivolous.