Oscar **HOBBS**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 14604.

United States Court of Appeals Seventh Circuit.

Jan. 18, 1965.

Rehearing Denied March 1, 1965.

Oscar Hobbs, Fort Worth, Tex., Richard H. Compere, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Edward J. Murray, Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

■ The question raised by petitioner on appeal in this proceeding instituted under 28 U.S.C. § 2255 is whether the district court erred in deciding after a hearing that the file and record "conclusively show" that petitioner Hobbs is entitled to no relief [1] on his petition alleging that his plea of guilty to violations of federal narcotics laws, 26 U.S.C.

§ 4705(a) and 21 U.S.C. § 174, was entered while he was "mentally ill" and that his plea was coerced. We think the district court did not err.

Hobbs was represented at the time of the plea by court-appointed counsel. He originally pled not guilty, but later withdrew that plea and entered the plea of guilty. He now contends that the guilty plea was invalid because it was entered at a time when he was suffering withdrawal symptoms following an injection of narcotics, because it was the product of threats and inducements made to him by his attorney and the Assistant United States Attorney, and because the district court failed to satisfy the requirements of F.R.Cr.P. Rule 11 before accepting the guilty plea. When the change of plea was made, neither Hobbs nor his counsel made any claim of incompetency.

The United States Attorney filed a memorandum in opposition to Hobbs' § 2255 motion and raised issues on these contentions. The district court, "upon the evidence" adduced at the hearing on the motion and the transcript of the trial, found that Hobbs was fully able to, and did, cooperate with his attorney at his narcotics trial; that Hobbs' drug addiction did not affect his "understanding or competency"; that Hobbs exhibited no symptoms of sickness; and that he made no complaint about illness when the guilty plea was entered. The court concluded that Hobbs' guilty plea was free and voluntary, and made after consultation with his counsel; that "he fully and completely" understood the charges against him; that Hobbs was competent to enter the guilty plea; and concluded that his constitutional rights had in no way been violated. We cannot say that the fact findings are clearly erroneous nor the conclusion erroneous.

Hobbs was represented by counsel at this § 2255 proceeding in the district court. There was testimony by his nar-

1. "§ 2255. * * *
   "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice there-

of to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

cotics trial attorney,[2] an experienced practitioner of fourteen years and more than 1200 federal criminal cases, and the only witness called at the hearing, that he advised Hobbs, in the presence of the Assistant United States Attorney, that, in view of Hobbs' record of two larceny and one armed robbery convictions, the trial judge might impose a severe sentence if the case were tried and a conviction resulted.

Hobbs, in the numerous pleadings which he filed with the district court subsequent to conviction, does not seriously controvert the attorney's version of what was said on this occasion, and his counsel on this appeal argues that, since Hobbs had meritorious defenses to the charges against him, the guilty plea must have been induced or coerced. We cannot say that the district court's finding on this point is clearly erroneous. As the Eighth Circuit said in Davis v. United States, 306 F.2d 317, 318 (8th Cir. 1962),

"Mere prediction as to the court's likely attitude on sentence, whether made by the United States Attorney or by defendant's appointed counsel, is not a ground for having a sentence vacated and a plea of guilty withdrawn, where it has been indicated or otherwise is manifest that the expression is one of personal opinion, with no basis for the defendant to regard it as involving any agreement or understanding with the court."

2. Because of Hobbs' attacks upon the competence and integrity of this attorney, the district court ruled that the attorney-client privilege had been waived by Hobbs.

3. "§ 4244. Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the

· The trial attorney also testified that he observed Hobbs and conversed with him the morning the guilty plea was entered and in the afternoon when the sentence imposed in the morning was reduced, and that he saw nothing to indicate narcotics withdrawal symptoms, with which he was familiar from experience in narcotics cases; that Hobbs appeared normal and that had the attorney observed any illness or withdrawal symptoms he would not have proceeded to the plea; that neither he nor Hobbs made a claim of incompetency; that he saw no reason to invoke the "familiar" (to him) § 4244[3] of Title 18 U.S.C.; and that in other cases, but not in this one, he had recommended to the court at sentencing that the prisoner be sent to the United States Public Health Service Hospital at Lexington, Kentucky for treatment for addiction where that appeared necessary.

Hobbs argues that the district court was required to have him present at the hearing to testify as to the matter of his alleged "mental illness." But the court heard the attorney's testimony, and the transcript of sentencing showed that the sentencing judge, who observed Hobbs both on the morning and afternoon of sentencing, evidently saw no reason to doubt his mental competence. In a case similar to this where the Sixth Circuit held that the prisoner's presence was not required, that court stated that

"In the present case Sprenz appeared in court twice with his lawyers. His intelligent responses to

proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which the proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. * * *"

the questions asked by the District Judge do not indicate that he was in any stupor. If he had been in a state of mental narcosis as alleged, his condition would most certainly have been observed by the judge, lawyers, deputy marshals and others in attendance in the court."

United States v. Sprenz, 304 F.2d 525, 527 (6th Cir. 1962), cert. denied, 372 U.S. 917, 83 S.Ct. 731, 9 L.Ed.2d 723 (1963). We think the same is true here. The district court presumably decided that there was sufficient matter before it to pass on the petition. We cannot say that the court abused its discretion in coming to that decision and in denying the motion to have Hobbs transported from Leavenworth for the § 2255 hearing. Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

Before accepting Hobbs' guilty plea the district court, after informing him of the maximum sentence which could be imposed, asked him whether he still persisted in the plea of guilty entered on his behalf by his attorney. Hobbs replied "yes" and later, when given an opportunity to speak before sentencing, he remained silent. There is no contention made here that on arraignment he was not apprised of the nature of the charges against him, so this court's decision in United States v. Davis, 212 F.2d 264 (7th Cir. 1954) is not controlling. As we said in that case, there is no particular ritual which a district court must follow in each case in order to comply with Rule 11.

For the reasons given, the judgment is affirmed.

The court wishes to thank Mr. Richard H. Compere of the Illinois Bar, who served as appointed counsel for the appellant in this case, and we commend him for his skilled advocacy both in the brief and in the oral argument.