**Ray Charles STOECKLE, Petitioner,**

v.

**John C. BURKE, Warden, Wisconsin State Prison, Respondent.**

**No. 64-C-176.**

United States District Court
E. D. Wisconsin.

May 20, 1965.

Ray Charles Stoeckle, Petitioner, pro se.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

GRUBB, District Judge.

Petitioner, Ray Charles Stoeckle, was granted leave to prosecute his application

for writ of habeas corpus in forma pauperis, and counsel was appointed to represent him in the proceedings by Chief Judge Robert E. Tehan of this district. Thereafter the case was transferred to Branch 2 of the court.

Petitioner is in custody pursuant to sentence of commitment of five years, imposed by the Circuit Court, Branch 12, of Milwaukee County, the Honorable John L. Coffey, Circuit Judge presiding, on September 21, 1962, on conviction of the crime of theft in violation of Section 943.20(1)(d) of the Wisconsin Statutes, in Case F–6602. This sentence was to run concurrently with sentences imposed on that date in Cases F–6499 and F–6500 and with time remaining on a parole violation. It appears that petitioner's present custody rests solely on the sentence imposed in Case F–6602, which is the proceeding he is now challenging. The sentence in this case was imposed on a plea of guilty, the court having refused the tendered plea of nolo contendere.

Petitioner contends that his constitutional rights were violated in the underlying state court proceedings (1) by the manner of issuance of complaint and warrant; (2) by inadequate representation by court-appointed counsel; and (3) by inducement of his plea of guilty by use of threats, promises, and coercion.

The first inquiry must be addressed to the issue of voluntariness of petitioner's plea. He alleges that Assistant District Attorney Richard B. Surges made the following promises which induced him to enter the plea: That Mr. Surges would inform the court of petitioner's cooperation and that Judge Coffey would show leniency and impose concurrent sentences; that the time petitioner spent in the County Jail awaiting trial would be deducted from the commitment imposed by Judge Coffey; and that another case pending in the same matter, F–6601, would be dismissed by Judge Coffey.

The claimed incompetency of court-appointed counsel is stated to lie in the advice to waive preliminary hearing and to cooperate and implicate himself to avoid aggravation of Mr. Surges, in repeated conferences with the Assistant District Attorney, and in failing to prepare a defense.

Review of the entire transcript of proceedings before Judge Coffey in Case F–6602, portions of which have been quoted by petitioner, fail to support the allegations as to the involuntariness of the plea.

A brief résumé of the proceedings had in the case follows: On August 20, 1962, petitioner and his court-appointed counsel in other pending charges, Theodore Priebe, appeared before Judge Coffey in respect to Cases F–6601 and F–6602 charging petitioner with theft. Request for adjournment was granted.

On August 22, 1962, on the adjourned hearing, Mr. Surges informed the court that petitioner had aided his office "a great deal" in the matter, that the action was very involved, and that petitioner might be needed as a witness in another case. Adjournment, with consent of petitioner's counsel unless it were of great duration, was granted. The court inquired of petitioner whether he had an attorney to represent him in these cases. Being advised that petitioner was without counsel and had no funds to retain an attorney, the court, on petitioner's request, appointed Mr. Priebe to act for him in Cases F–6601 and F–6602 in addition to other pending cases. Hearing on a motion for consolidation of these cases and trial was adjourned. The Assistant District Attorney, on this occasion, informed the court that he had advised petitioner "very often and especially if the request is made by the district attorney's office, a person is given credit for any time spent in the County Jail for trial." The court stated that such advice was proper and that Mr. Surges should ask the court "to take it into consideration at that time" (of sentencing).

Arraignment in Cases F–6601 and F–6602 took place on September 4, 1962. Petitioner appeared with his court-appointed counsel. The motion of the Assistant District Attorney to dismiss, without prejudice and without costs, Case

F-6601 because it involved the same type of transaction—fictitious sales of books—as Case F-6602, and in consideration of petitioner's attitude since issuance of the warrant, was granted. The court rejected the tendered plea of nolo contendere, whereupon counsel entered a plea of guilty. Petitioner confirmed that the entry of his plea was with his own "free knowledge and consent." On request for a postponement of trial, counsel requested as early a date as possible because of petitioner's incarceration since April 1962.

On September 21, 1962, trial was had in Case F-6602; that is, presentment of a prima facie case by the State, with cross-examination of the witness by defense counsel and direct examination of petitioner. Petitioner's record was offered to the court on its request. Petitioner agreed to its accuracy. Petitioner's counsel brought out that he had cooperated with the State in disclosing the full extent of his involvement in the charged violation.

On conclusion of the offer of evidence, the court found petitioner guilty on his plea of guilty to the charge of violation of Section 943.20(1)(d), and requested a recommendation in the case from the Assistant District Attorney.

Mr. Surges then explained the complexity of the case when it first came to the attention of his office; stated that petitioner finally came forward and made a full disclosure which aided his office in further investigation and issuance of other warrants, and thereby was of great benefit to the court. In view of petitioner's status as a parole violator and of other pending charges, he recommended a jail term but requested some consideration because of petitioner's manner of cooperation. Court-appointed counsel requested the court to consider the time petitioner had spent in jail and requested a concurrent sentence.

Thereupon the court passed sentence in the other charges, not here material, and imposed a six-year concurrent term in Case F-6602. On being advised that the maximum sentence was five years, Judge Coffey changed the term to five years, it having been the intention of the court to impose a total of six years on all offenses.

It appears from this record that the Assistant District Attorney made promises to petitioner. There is nothing to indicate that these promises—and Mr. Surges kept his word and made the promised recommendations to the court— were binding on the court. Judge Coffey was apprised of the fact that the Assistant District Attorney had advised petitioner that a person often is given credit for any time spent in jail, especially if the request is made by the State, and commented that Mr. Surges should ask the court to take it into consideration at the proper time. No agreement by the judge that he would in fact reduce the sentence is to be implied from this statement.

Furthermore, there is no indication that any promises or alleged threats by Mr. Surges, which are denied by him in an affidavit filed in this case, were calculated to or, in fact, induced the plea of guilty in the case. Mr. Surges apparently sought the cooperation of petitioner in clearing up a most complex transaction involving persons other than petitioner. In return for cooperation, he promised to do that which was in his power—a recommendation to the court for consideration of petitioner's cooperation.

Petitioner alleges that on the occasion of the issuance of the complaint and warrant, he was asked questions in the absence of his counsel and while he was handcuffed. He appears not to have responded to these inquiries. At the time, he was in custody facing other charges. On the hearing he freely and voluntarily made incriminating statements, but no confession was used against him.

▉ Petitioner's conclusion as to inadequate representation by counsel is not supported by the factual allegations of his petition or by review of the record. Failure to waive preliminary hearing is not in and of itself prejudicial. Counsel's advice to petitioner to cooperate based on

the assumption that he would receive consideration from the court, conferences with the prosecuting attorney, and failure to prepare a defense also are not prejudicial in view of the fact that petitioner entirely fails to point out what, if any, defense was available to him.

Mr. Priebe is known to this court as an able and conscientious attorney, fully cognizant of the requirements of due process in criminal proceedings. The record in this case—his cross-examination of the State's witnesses and direct examination of petitioner, his statement to the court in mitigation, his calling attention to the court's misconception as to the maximum sentence under the charge—bespeaks his competence in the discharge of his duties. It should also be noted that on August 22, 1962, petitioner particularly requested the appointment of Mr. Priebe in the underlying case after the alleged intimidation by Mr. Surges purportedly resulted in a confession in the presence of counsel on August 17, 1962.

Petitioner's disappointment in receiving the maximum sentence, though concurrent with other sentences and dismissal of another charge, is readily understandable. This, however, was a matter for the sentencing court who was not a party to the discussions between counsel, prosecuting attorney, and petitioner, whatever hopes may have been raised thereby in petitioner's mind. A determination of the voluntariness of a plea does not rest solely on the use of the word "voluntary." "Free knowledge" employed by the court in its inquiry concerning the nature of the plea, although perhaps less directly appropriate, also goes to the requisite state of mind.

 Not every promise or prediction or bargaining in the course of an investigation and prosecution vitiates the voluntariness of a plea of guilty. Hobbs v. United States, 340 F.2d 848, 850 (7th Cir. 1965); Davis v. United States, 306 F.2d 317, 318 (8th Cir. 1962), cert. denied 372 U.S. 920, 83 S.Ct. 734, 9 L.Ed.2d 725; Cortez v. United States, 337 F.2d 699, 701 (9th Cir. 1964). Petitioner's allegations, considered in light of the circumstances as disclosed by the moving papers and other documentary records herein, are insufficient to raise factual questions concerning the voluntariness of the plea and other claimed deprivations of constitutional rights to necessitate a hearing in the matter and require dismissal of the petition.

On assignment of this case to this court, petitioner's court-appointed counsel, Donald Gorectke, requested that he be relieved of his court appointment for grave personal reasons. Counsel communicated further to the court that he had interviewed petitioner at Waupun, Wisconsin, and at the Milwaukee County Jail; that he had twice contacted petitioner's counsel in the state court proceedings by telephone at Ripon, Wisconsin; that he had perused almost all pertinent records herein, and had discussions with all of the witnesses named by petitioner with one exception, and in that case discussed the situation with counsel of said witness; that he spent numerous hours checking legal citations and made two trips to Chicago, Illinois; and that all of these leads led him to a blank wall. He requested the court that his "fruitless" efforts not jeopardize decision in this case.

The court hereby acknowledges the services performed in this matter by Mr. Gorectke and relieves him of his appointment. Decision herein is based on the moving papers and documentary record.

For the reasons previously stated, the petition must be and it is hereby dismissed.