Harold Howard **THOMPSON**, Petitioner-Appellant,

v.

**UNITED STATES** of America, **Respondent-Appellee.**

No. 16401.

United States Court of Appeals Sixth Circuit.

March 18, 1966.

Jack D. Young, Portsmouth, Ohio (Kimble, Schapiro, Stevens, Harsha & Harcha, Portsmouth, Ohio, on the brief), for appellant.

Harry E. Pickering, Cleveland, Ohio (Merle M. McCurdy, U. S. Atty., Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant has appealed from the denial by the District Court, without a hearing, of his second motion to vacate sentence filed pursuant to Title 28 U.S.C. § 2255. The first motion to vacate contained conclusory allegations that he was under the influence of narcotics at the time he entered his plea of guilty to seven bank robberies. The second motion undertook to particularize in greater detail the allegations with respect to his use of narcotics.

The following is a list of the robberies to which appellant pleaded guilty, showing the date, the name and location of each bank, and the value of the property taken:

| Date | Name & Location of Bank | Value of Property Taken |
|------|-------------------------|-------------------------|
| 1. Sept 26, 1961 | The Central Savings & Loan Co., Columbus, Ohio | $ 2,059.00 |
| 2. Oct 30, 1961 | Peoples Savings Association Columbus, Ohio | 1,477.74 |
| 3. Nov 20, 1961 | Perry Heights Office of the State Bank Co., Massillon, Ohio | 5,058.00 |
| 4. Apr 26, 1962 | Eagle Sav. & Loan Association Kenwood Plaza Branch, Cincinnati, Ohio | 7,052.00 |
| 5. Nov 28, 1962 | Ohio Federal Sav. & Loan Assn. Upper Arlington Office Upper Arlington, Ohio | 10,274.00 |
| 6. July 23, 1963 | Park Federal Sav. & Loan Assn. West Branch Office, Columbus, Ohio | 1,994.00 |
| 7. July 29, 1963 | Akron Savings & Loan Co. Medina Office, Medina, Ohio | 6,095.00 |

Appellant had, subsequent to his pleas of guilty, admitted to the probation officer his participation in the above bank robberies and also admitted robbery of four additional banks which were not federally insured. He had a record of conviction of armed robbery in 1948 in the Court of Common Pleas of Brown County, Ohio, where he was sentenced to an indeterminate term of imprisonment from ten to twenty-five years.

Appellant was arrested in Medina, Ohio on July 29, 1963, after robbing a branch of the Akron Savings and Loan Company located in that city. He was confined in the county jail until after his sentence on October 4, 1963. The District Court appointed an able and experienced trial lawyer to represent him, who was familiar with criminal practice and was head of the Public Defender's office in Cleveland.

Appellant signed waivers of jury trial and entered guilty pleas on August 9, 1963, to two informations charging him with robbery of two banks in Northern Ohio. Thereafter, on September 26, 1963, he pleaded guilty to five separate informations in transferred cases charging him with robbing banks in Southern Ohio. Following his guilty pleas a presentence report was prepared by the Probation Department and on October 4, 1963 Thompson was sentenced to a total of forty-five years' imprisonment.

Thompson claims that prior to his arrest, namely, from 1959 to 1963, he was under constant influence of narcotic drugs obtained from named doctors, hospitals, nurses and druggists, and that he had concealed on his person when arrested some of the narcotics which he used just before his appearances in court. The Federal Bureau of Investigation conducted an extensive investigation into his claims and obtained affidavits from each of the persons or hospitals named, from which it appeared that his contentions concerning his addiction to narcotics were false.

Appellant appeared before the District Judge on three different occasions over a period of more than six weeks in connection with his pleas of guilty and sentence, and was questioned at great length by the Judge. His answers to the questions propounded were clear, forthright and responsive. The Court had full opportunity to see, observe and hear the appellant.

Appellant was represented at all times by counsel. He appeared before the Probation Officer. He was under the custody and supervision of the jailer. No one saw or observed anything which would indicate in any manner at any time that appellant was under the influence of narcotics or suffering from withdrawal symptoms. He was in the county jail for almost three months. He had no record history indicating addiction to narcotics.

In this Court appellant was represented by counsel of his own choice. We are of the opinion that on the basis of the motion, files and records of the case, the District Judge was correct in denying the motion to vacate. The affidavits procured by the Federal Bureau of Investigation merely supported the record and files of the case, and indicated clearly the futility of proceeding further with a frivolous claim.

This case is similar to Malone v. United States, 299 F.2d 254 (6th Cir. 1962) cert. denied 371 U.S. 863, 83 S.Ct. 122, 9 L.Ed. 2d 100, and United States v. Sprenz, 304 F.2d 525 (6th Cir. 1962). Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, relied on by appellant, is not apposite because of information contained in the record in that case to the effect that petitioner had received medical treatment for withdrawal symptoms while in jail, prior to sentence, and requested the Judge to send him to a hospital for addiction cure. Furthermore, Sanders had no attorney. Thompson, however, did have an attorney who had an opportunity to confer with him and to observe and report to the Court any inability to co-operate in his defense.

Affirmed.